COURT OF APPEALS OF VIRGINIA


Present:  Judges Fitzpatrick, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


EMORY ALLEN ADDISON
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1545-95-4         JUDGE ROSEMARIE ANNUNZIATA
                                         OCTOBER 1, 1996
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Robert W. Wooldridge, Jr., Judge

            (Jerry M. Phillips; Phillips, Beckwith &
            Hall, on brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Following a bench trial in the Circuit Court of Fairfax

County, appellant, Emory Allen Addison, was convicted of driving

under the influence of alcohol.  Appellant challenges the trial

court's ruling on a suppression motion that appellant raised at

trial.

                                I.

     The relevant facts are not disputed.  Off-duty Metropolitan

Washington Airport Authority (MWAA) Police Officer Carl D. Moore

observed appellant drive erratically, travel 70-80 mph in a 55

mph zone, change lanes without signalling, cross the far right

and left solid lines, and cut off other vehicles.  Using his

vehicle radio, Moore attempted to summon a uniformed officer to

the scene.  Moore followed appellant for approximately fifteen

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

minutes before appellant stopped at a traffic light.

John Ivey, another off-duty MWAA officer witnessed appellant drive erratically after he heard Moore's radio report. Ivey testified he saw appellant cross both the right and left outer highway lines, weave across traffic, exceed the speed limit, and nearly strike four other vehicles before stopping for the first time at the traffic light.

While appellant was stopped at the light, Moore and Ivey positioned their vehicles to block appellant's movement. After Moore identified himself as a MWAA officer, appellant exited his vehicle.

Moore testified that he smelled a strong odor of alcohol about appellant and that appellant's eyes were red and glassy and his speech slurred. In response to Moore's inquiry, appellant stated he had been drinking. Moore advised appellant of the implied consent law and asked appellant to perform field sobriety tests. Appellant consented, failed two tests, and partially failed a third. By that time, a uniformed, on-duty Fairfax County police officer whose jurisdiction included the location where appellant stopped had arrived at the scene. Notwithstanding the presence of the Fairfax County officer, Moore took appellant to a nearby Fairfax County Police Station where appellant took a breath test.

The parties agreed that Moore was outside the jurisdiction of the MWAA at the time he stopped appellant and is to be treated

as a private citizen at the time of the stop.

At trial, appellant moved to suppress the arrest and to strike the Commonwealth's case. In deciding the suppression motion, the trial court ruled (1) appellant's erratic driving constituted a breach of the peace; (2) a private citizen may arrest another for a breach of the peace committed in his presence; (3) derivative of that right, a private citizen may "stop" another for a breach of the peace; (4) an arrest in the present case was not effected until Moore took appellant to the police station; and (5) that arrest was illegal because a uniformed officer was present at the time. Accordingly, the trial court granted appellant's motion in part and suppressed the results of the breath test. However, the court refused to suppress the evidence of appellant's erratic and dangerous driving, his physical condition, his statement to Moore that he had been drinking, and his failure to pass the field sobriety tests. The court convicted appellant based solely upon the latter evidence.

On appeal, appellant contends that an illegal arrest occurred at the time Moore and Ivey blocked his exit and Moore ordered him out of his vehicle. Appellant contends that the trial court should have suppressed all the evidence on that ground. We disagree.

- 3 -

## II.

"The constraints of the Fourth Amendment apply only to government or state action; they do not apply to searches or seizures undertaken by private individuals." Morke v. Commonwealth, 14 Va. App. 496, 503, 419 S.E.2d 410, 414 (1992). In the present case, the parties stipulated that Moore acted as a private citizen at the time of the events in question. Even assuming, arguendo, Moore had no authority to detain appellant at any point, appellant has no grounds to complain that the evidence derived from the act should have been excluded.[1]

Accordingly, appellant's conviction is affirmed.

Affirmed.

---

[1] Accordingly, we decline to address the rulings of the trial court enumerated above.